IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TERRELL C. SIMS, #R32837, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−1102−NJR |
| KAREN JAIRRET, and NURSE MARSHA, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Terrell Sims, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and supporting exhibits, the Court finds it appropriate to dismiss this case without prejudice for failure to state a claim upon which relief may be granted.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff was experiencing "painful symptoms of pneumonia," so on May 18, 2017, he put in for sick call. (Doc. 1, p. 5). He hoped to get his prescription for Latordine refilled by the doctor at Pinckneyville. *Id.* He had been prescribed Latordine while in Stateville Correctional Center due to mold and birds in the prison. *Id.* In response to his request, Plaintiff "was seen but not properly examined by a nurse named Marsha, who denied [his] request but told [him] to drink water and work out and that [he] would be fine." *Id.* Plaintiff was charged $5 for this visit. *Id.* Plaintiff asked to see a doctor, but Marsha told him that he would have to see her two more times in order to be considered to see a doctor. *Id.*

Plaintiff wrote an emergency grievance to Warden Jairret, which was signed, marked as a non-emergency, and returned with no reply on June 2, 2017. *Id.* The emergency grievance, attached to the Complaint, explains that Plaintiff had "severe allergic reactions" to mold and

birds in Stateville, and that he had been coughing, had chest pains, and was having trouble breathing, among other things. (Doc. 1, p. 15). He also notes that Nurse Marsha told him to drink water and exercise after he told her of his symptoms, despite him also telling her that Latordine had helped him previously. *Id.* On June 6, 2017, Plaintiff placed the same grievance in the mail and addressed it to Counselor Tacci.[1] (Doc. 1, p. 5). It was returned ten days later without a response. *Id.* Plaintiff sent the same grievance to the grievance officer the day it was returned to him, but it also was returned without a response on July 6, 2017. *Id.* Plaintiff then mailed the grievance to Springfield, and it was denied. *Id.* It has been eleven months, and Plaintiff has "not seen a doctor pertaining to this specific issue." *Id.* He has continued to suffer "as a result of their denials." *Id.*

Plaintiff believes "this institution," presumably Pinckneyville, "is putting policy before principle regardless of how sick you may be." *Id.* Plaintiff seeks monetary damages and to have his prescription of Latordine refilled. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical issues involving possible pneumonia and a need for a Latordine prescription in violation of the Eighth Amendment.

---

[1] If Plaintiff is referring to the grievance attached to the Complaint dated June 5, 2017, which was returned to Plaintiff on June 15, 2017, it does not appear to actually be the same as the emergency grievance he submitted. (Doc. 1, pp. 13-16). Instead, it focuses solely on the prison policy requiring an inmate to see a nurse three times, with a $5 co-pay each time, before seeing a doctor. (Doc. 1, p. 13). The response to the June 5 grievance from Tacci informed Plaintiff that the policy was in effect and that there is an exception to the policy if health care providers consider something to be an emergency. *Id.*

3

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, the Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Assuming Plaintiff suffers from an objectively serious medical need with respect to his breathing problems, he has still failed to sufficiently allege that the defendants acted with deliberate indifference to him. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Gallo v. Sood*, 651 F. App'x 529, 533 (7th Cir. June 1, 2016) (claim focusing on failure to give prisoner's favored medication over medication prescribed by doctor "amounts to a disagreement over treatment, which is insufficient to show deliberate indifference.").

Plaintiff takes issue with the fact that Nurse Marsha did not prescribe him the medicine

he requested and instead suggested an alternative course of treatment. His allegations do not suggest that Marsha knew her suggested course of treatment would not work or later became aware of it and refused to assist Plaintiff with his medical needs regardless. In fact, it is unclear from the Complaint whether Plaintiff even attempted to follow her suggestions to determine whether they would be effective in remedying his issues. Because all Plaintiff has presented thus far with respect to Marsha are vague assertions regarding a disagreement over treatment, Count 1 fails and will be dismissed without prejudice as against her.

As for Warden Jairret, it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. June 5, 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). However, "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)).

Plaintiff claims that he submitted an emergency grievance that was denied by Warden Jairret for not being an emergency. The denial includes a note directing Plaintiff to submit the

grievance in the normal manner, which Plaintiff claims he did. This is the extent of the allegations against Jairret. Her denial of Plaintiff's grievance as a non-emergency does not render her personally involved in the alleged denial of his medical care. Without more suggesting Jairret was deliberately indifferent to his medical needs, Count 1 cannot proceed against her and will be dismissed without prejudice.[2]

**Pending Motions**

Plaintiff submitted a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED** without prejudice. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is also **DENIED** as moot. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshals Service or

---

[2] Plaintiff also appears to take issue with the $5.00 copay he would have been charged for submitting for sick call two more times in order to be eligible to see a doctor absent a medical emergency. An inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services. Whether or not a statutory exemption should apply to the co-payment rule is a question of state law, not cognizable in a Section 1983 action. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("[T]he imposition of a modest fee for medical services, standing alone, does not violate the Constitution.").

other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** and the Complaint (Doc. 1) are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **JAIRRET** and **MARSHA** are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a deliberate indifference claim, within 28 days of the entry of this order (on or before **June 27, 2018**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1102-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in

chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged deliberate indifference claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: May 30, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**