IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRELL C. SIMS, #R32837, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv−1102−NJR |
| | ) |
| KAREN JAIRRET, and | ) |
| NURSE MARSHA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Terrell Sims, an inmate of the Illinois Department of Corrections currently housed in Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his First Amended Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 9). This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The First Amended Complaint

According to the First Amended Complaint (Doc. 9), Plaintiff contracted recurring fungal pneumonia while in Stateville Correctional Center. (Doc. 9, p. 5). The medication Latordine provides

1

him some relief from his pneumonia symptoms. *Id.* When Plaintiff's symptoms returned while he was in Pinckneyville, he submitted for sick call and was seen by Nurse Marsha on May 18, 2017. (Doc. 9, p. 6). Plaintiff explained to Marsha that exercising and drinking water failed to remedy his illness, so he needed his prescription of Latordine renewed. *Id.* Despite this, Marsha told him to exercise and drink water. *Id.* She also told him that he would need to submit to sick call two more times to be seen by a doctor. *Id.* This instruction was per an institutional policy that requires inmates to see a nurse three times before being referred to a doctor unless the issue is deemed an emergency. *Id.*; (Doc. 9, p. 11).

Plaintiff filed an emergency grievance alerting Warden Jairret "of the unnecessary pain and suffering caused by her policy in this medical health care system." (Doc. 9, pp. 7, 28). "The purpose of this policy . . . is not to cause undue pain but instead is focused on a monetary gain." (Doc. 9, p. 7). Jairret denied Plaintiff's emergency grievance and directed him to refile it. *Id.* Plaintiff requests monetary damages and permanent injunctive relief. (Doc. 9, p. 10).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical issues involving pneumonia in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need;

and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has stated a claim under this standard against Marsha and Jairret. Marsha allegedly knew Plaintiff attempted to remedy his issues with exercise and water prior to coming to her, but she recommended that course of treatment despite the fact that it did not work. As to Jairret, Plaintiff challenges her policy that requires inmates to see sick call three times prior to seeing a doctor. The imposition of a co-pay is constitutional, but whether the alleged policy delays access to medical care to the point of deliberate indifference is unclear. *See Poole v. Isaacs*, 703 F.3d 1024 (7th Cir. 2012) ("[T]he imposition of a modest fee [from inmates] for medical services, standing alone, does not violate the Constitution.").

Accordingly, Count 1 will proceed against both defendants.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **MARSHA** and **JAIRRET**.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **MARSHA** and **JAIRRET**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him or her, and the Court will require him or her to pay the full costs of formal service, to the extent authorized by the Federal Rules.

With respect to a defendant who cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed

above or for formally effecting service. Any documentation of the address shall be kept only by the Clerk and shall not be maintained in the court file or disclosed.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 31, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**